UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERNEST BILLIZONE                                    CIVIL ACTION

VERSUS                                              NO. 13-5928

LOUISIANA DEPARTMENT OF PROBATION AND   SECTION: "G"(4)
PAROLE et al

## ORDER

Before the Court is Plaintiff Ernest Billizone's "Motion to Show Why Preliminary Injunction and Temporary Restraining Order is Necessary," which was filed on October 28, 2013.[1] Plaintiff is proceeding *pro se*. Because Plaintiff filed a "Motion for Preliminary Injunction and Temporary Restraining Order" on October 1, 2013,[2] which the Court denied on October 10, 2013,[3] the pending motion is properly construed as a Motion for Reconsideration.

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[4] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[5] When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1.

[3] Rec. Doc. 5.

[4] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[5] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at **3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[6]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"[7] However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[8]

The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[9] Such a motion "calls into question the correctness of a judgment,"[10] and courts have considerable discretion in deciding whether to grant such a motion.[11] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[12] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

---

[6] Fed. R. Civ. Pro. R. 54(b)

[7] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[8] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed. 2002)

[9] See, e.g., *Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[10] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[11] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[12] *Id.* at 355-56.

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[13]

A motion for reconsideration "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[14] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[15] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[16]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[17] and the motion must "clearly establish" that reconsideration is warranted.[18] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[19]

---

[13] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[14] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[15] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[16] *Helena Labs Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[17] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (citation omitted).

[18] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[19] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

In the pending motion, Plaintiff asserts three "Questions of Law" as the basis for reconsideration. First, he asks "Can a competent court knowingly allow an entity or state agency to enforce a statute which violates an individual's constitutional right to due process, equal protection and causes individual to be subject to cruel and unusual punishment and mental anguish?"[20] As discussed in this Court's prior order, it appears that Plaintiff takes issue with his release from prison "as if on parole" after receiving credit for good time. For the reasons previously explained, however, Plaintiff's release "as if on parole" is likely pursuant to the terms of Louisiana Revised Statute § 15:571.5, which courts have found does not violate a prisoner's constitutional rights.[21]

The second question Plaintiff poses is "When trying to get injunctive relief, does Plaintiff have to carry his burden on all 4 factors, when in actuality one or two factors can be proven to violate Plaintiff's rights and cause irreparable harm on a constitutional level?"[22] As the Court previously laid out,[23] a temporary restraining order is an extraordinary remedy that may be granted only if (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that the movant will suffer irreparable injury if injunctive relief is denied; (3) the threatened injury outweighs the harm the injunction will cause the opponent; and (4) granting injunctive relief will not disserve the public interest.[24] Injunctive relief may not be granted if the movant fails to carry his

---

[20] Rec. Doc. 6 at p. 2.

[21] *See* Rec. Doc. 5 at p. 4.

[22] Rec. Doc. 6 at p. 2.

[23] *See* Rec. Doc. 5 at p. 3.

[24] *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003); *EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1088 (5th Cir. 1987).

burden on any one of these factors.[25] Therefore, contrary to Plaintiff's implications, Plaintiff cannot simply prove "one or two factors."

Finally, Plaintiff asks "Are 'meritorious claims' brought forth by pro se litigations given less weight than meritorious claims carried by licensed attorneys?"[26] The answer to Plaintiff's question is, of course, no. In its earlier order, the Court thoroughly evaluated Plaintiff's claims under the standard for granting a temporary restraining order and preliminary injunction.[27] Furthermore, the Court analyzed the relevant Louisiana law governing credit for good time.[28] The Court's ruling was in no way premised on the fact that Plaintiff is a *pro se* litigant and not represented by counsel.

Therefore, the Court finds that in the pending motion for reconsideration, Plaintiff does not meet the requisite Rule 59(e) standard. Plaintiff does not point to a "manifest error of law or fact upon which the judgment is based."[29] Furthermore, Plaintiff does not "present[] newly discovered or previously unavailable evidence."[30] Plaintiff does not show that the motion is "necessary in order to prevent manifest injustice."[31] Finally, Plaintiff does not demonstrate that "the motion is justified

---

[25] *See Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecutornia*, 762 F.2d 464, 472 (5th Cir. 1985).

[26] Rec. Doc. 6. at p. 2.

[27] *See* Rec. Doc. 5.

[28] *See id.*

[29] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[30] *See, e.g.*, *id.*

[31] *See, e.g.*, *id.*

by an intervening change in controlling law."[32] Accordingly,

**IT IS HEREBY ORDERED** that the pending motion is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 25th day of November, 2013.

                                                            **NANNETTE JOLIVETTE BROWN**
                                                            **UNITED STATES DISTRICT JUDGE**

---

[32] *See, e.g.*, *id.*