# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

ERNEST BILLIZONE SR.

CLASS ACTION
CIVIL DOCKET 13-5928

VERSUS

SECTION: G

MAGISTRATE: 4

STATE OF LOUISIANA, DEPT. OF

JUDGE: _____

PROBATION & PAROLE; DEPT. OF CORRECTIONS;

FILED: _____

SECRETARY, JAMES M. LEBLANC; SHERIFF,

S/: _____
CLERK

NEWELL NORMAND; JPCC; LISA MAISE

---

# 42 U.S.C. § 1983 CIVIL COMPLAINT
## AND TEMPORARY RESTRAINING ORDER
## AND MEMORANDUM OF LAW

---

### ( JURY TRIAL REQUESTED )

NOW INTO COURT, COMES ERNEST BILLIZONE SR., PRO SE, WHOM RESPECTFULLY MOVES THIS COURT FOR 42 U.S.C. 1983 PROCEEDINGS ALLEGING ILLEGAL AND UNCONSTITUTIONAL RESTRAINT OF LIBERTY, FALSE IMPRISONMENT, RESCINDING A CONTRACT, FRAUDULENT CONCEALMENT, DENIAL OF DUE PROCESS, COERCION TO SIGN CONTRACT UNDER DURESS, DENIED EQUAL PROTECTION OF THE LAW, VIOLATION OF EXPO FACTO LAWS, DEVIATING FROM PROPER DEPARTMENTAL PROCEDURES, FAILING TO PROPERLY SUPERVISE EMPLOYEES, ILLEGAL AND UNCONSTITUTIONAL CHARGING OF FINES AND FEES, DEVIATION AND INTENTIONAL DISREGARD OF LEGISLATIVE INTENT, DAMAGES TO RESIDENT, STATE CREATED LIBERTY INTEREST, DOUBLE JEOPARDY, EXCEEDING STATUTORY AUTHORITY,

AND BREACH OF CONTRACT.

1.

# JURISDICTION

JURISDICTION IS PROPERLY VESTED WITHIN THIS HONORABLE COURT PURSUANT TO 1st, 4th, 5th, 8th AND 14th AMENDMENT TO THE UNITED STATES CONSTITUTION, ALSO ARTICLE I. SECTIONS 2,3,9, 15, 19, 20, AND 22 OF THE LOUISIANA CONSTITUTION OF 1974 AS WELL AS SUPPLEMENTAL AND DIVERSITY JURISDICTION OVER STATE TORT CLAIMS ALSO U.S.C. 1331, 1332

2.

# PARTIES TO LAWSUIT

PLAINTIFF,   ERNEST BILLIZONE SR.
             627 COHEN ST.
             MARRERO, LA. 70072


DEFENDANTS,   LOUISIANA DEPT. OF PROBATION & PAROLE
              2150 WESTBANK EXP.
              SUITE 501
              HARVEY, LA. 70058


2.   DEPT. OF PUBLIC SAFETY AND CORRECTIONS
     504 MAYFLOWER
     BATON ROUGE, LOUISIANA 70802

3.   SECRETARY, JAMES M. LEBLANC
     504 MAYFLOWER
     BATON ROUGE, LOUISIANA 70802

4.   SHERIFF, NEWELL NORMAND
     100 DOLHONDE ST.
     GRETNA, LA. 70053

5.   LISA MAISE
     2150 WESTBANK EXP.
     SUITE 501
     HARVEY, LA. 70058

6. SUE ELLEN PENDUILH, JPCC
100 DOLHONDE ST.
GRETNA, LA. 70053

7. JOHN AND JANE DOE PAROLE AGENTS
2150 WESTBANK EXP.
SUITE 501
HARVEY, LA. 70058

## 3.

DEFENDANTS ARE BEING SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, AND AT ALL TIMES WHILE EMPLOYED THEY WERE ACTING UNDER THE COLOR OF LAW AS PRESCRIBED IN THE STATE OF LOUISIANA.

PETITIONER RESPECTFULLY REQUESTS U.S. MARSHALS SERVE ALL SUBPOENAS AND COMPLAINTS IN ACCORDANCE WITH ALL APPLICABLE STATE AND FEDERAL LAWS UNLESS SHERIFF'S DEPUTIES RESERVE JURISDICTION TO PERFORM SUCH DUTIES.

PETITIONER FURTHER STATES THAT HE IS IMPOVERISHED AND HAS NO MEANS TO PAY FINES OR FEES WHETHER IN ADVANCE OR AS THEY MAY ACCRUE, AND BEGS THIS HONORABLE COURT TO ALLOW HIM TO PROCEED IN FORMA PAUPERIS WITHOUT PAYMENT OF COSTS IN ADVANCE OR AS THEY MAY ACCRUE, AS PER STATE AND FEDERAL LAWS.

RESPECTFULLY SUBMITTED,

ERNEST BILLIZONS SR.
627 COHEN ST.
MARRERO, LA. 70072



4.

# COMPLAINT

1. I WAS FORCED TO SIGN A DIMUNITION OF SENTENCE CONTRACT UNDER DURESS WHICH INCLUDES TERMS AND STIPULATIONS WHICH DON'T APPLY TO ME OR MY SITUATION. THE STATE OF LOUISIANA DEPARTMENT OF PROBATION AND PAROLE ALONG WITH THE DEPT. OF CORRECTIONS AND JEFFERSON PARISH SHERRIFF'S OFFICE HAVE TOGETHER VIOLATED MY 4th 8th AND 14th AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I. SECTIONS 2, 3, 19 AND 20 OF THE LOUISIANA CONSTITUTION OF 1974, ILLEGAL SEARCH AND SIEZURE, CRUEL AND UNUSUAL PUNISHMENT BY THEIR UNDUE, UNNECESSARY AND ILLEGAL RESTRAINT OF LIBERTY AS PRESCRIBED BY THE DUE PROCESS AND EQUAL PROTECTION CLAUSES WITHIN THE 14th AMENDMENT, ALSO 5th AMENDMENT

2. THESE INDIVIDUALS EXCLUDING JEFFERSON PARISH SHERIFF'S OFFICE HAVE CREATED AN EXPO FACTO VIOLATION BY INCREASING A VALID SENTENCE WHICH WAS GIVEN BY THE COURT AND SATISFIED BY MYSELF WITHIN THE DEPT. OF CORRECTIONS, ACCORDING TO THE STATUTES AND LAWS OF LOUISIANA. ALSO, THE FIRST CONTRACT I SIGNED TO RECEIVE THE ACCELERATED OR INCREASED RATE OF GOOD-TIME UNDER ARTICLE 572, DID NOT INCLUDE NOR DID IT STIPULATE ANYTHING STATING AFTER I WAS RELEASED FROM SERVING A VALID SENTENCE THAT I WAS SUPPOSED TO SIGN ANOTHER CONTRACT AGREEING TO BE SUPERVISED, PAY MONIES IN THE AMOUNT OF $53 TO $60 PER MONTH, FILE MONTHLY REPORTS, AND A HOST OF OTHER STIPULATIONS.

THIS IN ITSELF CONSTITUTES FRAUDULENT CONCEALMENT, A VIOLATION OF STATE LAW. AT A RATE OF 35 DAYS FOR EVERY 30 DAYS IN ACTUAL CUSTODY, THAT GAVE ME 1785 DAYS CREDIT, WHICH WAS JUST SHORT OF FIVE YEARS. I HAD ACTUALLY SERVED 4 YEARS 3 MONTHS WHICH TOTALED 9 YEARS AND A FEW MONTHS. ADDING THE 180 DAYS PLUS 18 FOR PROGRAMS, IT PUT ME AT (10) TEN YEARS WHICH SATISFIED THE STATUTE AND THEREFORE I WAS RELEASED, NO STIPULATIONS SHOULD HAVE BEEN ATTACHED, A CERTIFICATE FOR COMPLETION OF SENTENCE SHOULD HAVE BEEN ISSUED,

3.    BUT I WAS FORCED TO SIGN ANOTHER CONTRACT FOR AN ADDITIONAL FIVE YEARS ON PAPER OR (PAROLE), WHICH BRINGS MY SENTENCE TO BE (15) FIFTEEN YEARS WHICH IS AN EXPO FACTO VIOLATION BY INCREASING A VALID SENTENCE HANDED DOWN BY THE COURT WHICH WAS ALREADY STATUTORILY SATISFIED. AND IF I WOULD HAVE REFUSED TO SIGN SAID CONTRACT, I WOULD NOT HAVE BEEN RELEASED BUT ALL PREVIOUSLY EARNED GOOD-TIME WOULD HAVE BEEN REVOKED. TO EMPLOY SUCH GOOD-TIME FORFEITURES THE STATUTE STATES THAT GOOD-TIME MAY ONLY BE FORFEITED FOR A DISCIPLINARY INFRACTION. SO SO TO EMPLOY SUCH A PROCEDURE IS A COMPLETE VIOLATION AND DISREGARD TO THE STATUTE AND LEGISLATIVE INTENT OF THE STATUTE, WHICH IS CLEARLY MALICE AND CRUEL AND UNUSUAL PUNISHMENT, A VIOLATION OF MY 8th AND 14th AMENDMENT TO THE UNITED STATES CONSTITUTION.

4.    I WAS RELEASED BY WAY OF DIMUNITION OF SENTENCE, "AS IF ON PAROLE". WHICH ONLY MEANS I WAS ALLOWED TO LEAVE PRISON EARLY JUST AS IF SOMEONE ON PAROLE WOULD LEAVE EARLY AFTER

THEY GET THEIR DECISION FROM THE PAROLE BOARD. I DID NOT GO IN FRONT OF A PAROLE BOARD, SO THEREFORE I WAS NOT RELEASED ON PAROLE AND SHOULD NOT BE SUBJECTED TO THE STRINGENT RULES OF PAROLE.

5. LOUISIANA CODE OF CRIMINAL PROCEDURE ARTICLE 15:574.2 SPEAKS OF THE POWERS OF PAROLE AND WHAT STEPS AND PROCEDURES CAN BE EMPLOYED IN CASES OF "PAROLE" NOT DIMUNITION OF SENTENCE OR RELEASE "AS IF ON PAROLE."

6. THE LEGISLATORS WROTE UP THESE ARTICLES AND STATUTES AND THEY ARE SUPPOSED TO MEAN WHAT IT SAYS. IT IS NOT LIKELY THAT THE LEGISLATORS WHOM WROTE THESE LAWS, STATUTES AND ARTICLES ARE UNFAMILIAR WITH THE TERMS OR TERMINOLOGY OF DIMUNITION OF SENTENCE, BECAUSE IF YOU TURN TO 15:571.3 IT CLEARLY SPEAKS OF DIMUNITION OF SENTENCE. WHICH LEADS ME TO BELIEVE THAT IF THEY WANTED TO INCLUDE IT IN THE POWERS THEY WOULD HAVE DONE SO. BUT IT WAS NOT THEIR INTENT TO DO SO. IN STATE-VS-PIERRE, 320 SO 2d. 185, 188 (LA. 1975), CLEARLY STATES THAT WE MUST NOT TRY TO CHANGE OR INTERPRET THE LEGISLATIVE INTENT AS THIS OR THAT, BUT TO TAKE IT AS IS.

7. WELL SETTLED CASE LAW ALSO DICTATES THAT WHEN A STATUTE OR ARTICLE IS AMBIGUOUS OR CONFUSING IN NATURE ON ITS FACE THE DISPARITY SHOULD BE SETTLED IN FAVOR OF THE INMATE OR PETITIONER, STATE-VS-SANDERS.

8. AS FOR THE SUPERVISION FEES, IT STATES THAT A HEARING WAS SUPPOSED TO BE HELD IN ACCORDANCE WITH APPLICABLE LAWS TO DETERMINE MY ABILITY OR INABILITY TO PAY

SAID FEES. NO HEARING WAS EVER DONE TO DETERMINE MY ABILITY OR INABILITY TO PAY SAID FEES, WHICH IS A DUE PROCESS VIOLATION, AN IMPINGEMENT OF MY 14th AND 5th AMENDMENT TO THE U.S. CONSTITUTION AND DENIES PLAINTIFF HIS FUNDAMENTAL 1ST AMENDMENT RIGHT TO BE HEARD. ALSO, DAMAGES TO MY RESIDENCES IRON SECURITY GATE, DOOR AND DOORFRAME AND HOLES IN WALL IN THE BEDROOM AND HALLWAY ALL DUE TO PAROLE AGENTS AND JPSO KICKING MY DOOR IN, A VIOLATION OF MY 4th AND 8th AMENDMENT TO THE UNITED STATES CONSTITUTION, ILLEGAL SEARCH AND SEIZURE AND CRUEL AND UNUSUAL PUNISHMENT.

9. WHILE BEING ILLEGALLY INCARCERATED IN THE JEFFERSON PARISH CORRECTIONAL CENTER PLAINTIFF ENDURED AND WAS SUBJECTED TO CRUEL AND UNUSUAL UNNECESSARY PUNISHMENT, MENTAL ANGUISH, AND PAIN AND SUFFERING IN VIOLATION TO PLAINTIFF'S 4th, 5th, 8th, AND 14th AMENDMENT TO THE U.S. CONSTITUTION. THIS IS ONLY A NARROW VIEW OF MY ACTUAL CLAIMS WHICH I ASK THIS COURT TO PLEASE ACCEPT, AND I WILL CLARIFY IN DEPOSITIONS.

WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT REVIEW AND ACCEPT MY MERITORIOUS CAUSE OF ACTION AND ALLOW ME TO ADD AMENDMENTS AS PRESCRIBED BY LAW, AND AFTER DUE PROCEEDINGS BE HAD, GRANT MY TEMPORARY RESTRAINING ORDER, THEREFORE FINDING MY CAUSE JUST, GRANT ALL MY RELIEF IN THE INTEREST OF FAIRNESS AND JUSTICE, AND ANY OTHER RELIEF WHICH COURT DEEMS EQUITABLE AND FAIR.

RESPECTFULLY SUBMITTED,

# AFFIDAVIT

.I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING ALLEGATIONS AND STATEMENTS ARE TRUE AND CORRECT TO BEST OF MY KNOWLEDGE AND UNDERSTANDING, AND AS TO THINGS BASED ON BELIEF, I BELIEVE THEM TO BE TRUE.

THUS SWORN AND SUBSCRIBED, THIS 16 DAY OF SEPTEMBER, 2013 AT 627 COHEN ST. MARRERO, LOUISIANA 70072.

AFFIANT

# 5.

# DEMAND

1. PETITIONER ASKS FOR ($ 250,000) TWO-HUNDRED-FIFTY-THOUSAND DOLLARS FOR LOSS OF WAGES, MENTAL ANGUISH, PAIN AND SUFFERING PAST, PRESENT AND FUTURE.

2. PETITIONER SEEKS $ 5,000 DOLLARS FROM EACH INDIVIDUAL WHOM PARTICIPATED IN THE RAID OF HIS RESIDENCE FOR DAMAGING AND DISFIGURING HIS IRON SECURITY GATE AND KICKING IN DOOR AND BUSTING LOCKS AND DOORFRAME, AS WELL AS SEVERAL HOLES IN THE WALL IN BEDROOM AND HALLWAY.

3. PETITIONER ASKS FOR PUNITIVE DAMAGES IN THE AMOUNT OF ($ 500,000) UNLESS COURT DETERMINES AMOUNT.

4. PETITIONER ALSO, REQUESTS INJUNCTIVE RELIEF (TRO), AS WELL
   AS DECLARATORY JUDGMENT STATING THEIR ACTS WERE
   ILLEGAL AND UNCONSTITUTIONAL.

5. ALSO, THAT THE DEFENDANTS INCUR ALL FINES, FEES, AND
   COSTS OF COURT ON THIS FOREGOING CAUSE OF ACTION.

6. PETITIONER ALSO REQUESTS JURY TRIAL AND FOR COMPLAINT
   TO BE CERTIFIED AS A CLASS ACTION FOR THOUSANDS OF
   OTHERS SIMILIARLY SITUATED