UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERNEST BILLIZONE | CIVIL ACTION |
| VERSUS | NO. 13-5928 |
| LOUISIANA DEPARTMENT OF PROBATION AND PAROLE et al | SECTION: "G"(4) |

## ORDER AND REASONS

Before the Court is Plaintiff Ernest Billizone's "Motion by Letter."[1] In his motion, Plaintiff, who is proceeding *pro se*, "begs this Court to please enact his request for a temporary restraining order or grant his habeas corpus on these issues at bar until res judicata, or until a decision is determined whether the state's initiation of 'release as if on parole' is constitutionally sound."[2] Plaintiff previously filed a "Motion for Preliminary Injunction and Temporary Restraining Order" on October 1, 2013,[3] which the Court denied on October 10, 2013.[4] He also filed a "Motion to Show Why Preliminary Injunction and Temporary Restraining Order is Necessary," on October 28, 2013,[5] which the Court denied on November 25, 2013.[6] Accordingly, the pending motion is properly construed as a Motion for Reconsideration.

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[7] it has consistently recognized that such a motion may challenge

---

[1] Rec. Doc. 27.

[2] *Id.*

[3] Rec. Doc. 1.

[4] Rec. Doc. 5.

[5] Rec. Doc. 6.

[6] Rec. Doc. 16.

[7] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[8] When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[9]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"[10] However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[11]

The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[12] Such a motion "calls into question the correctness of a judgment,"[13] and courts have considerable discretion in deciding whether to grant such a motion.[14]

---

[8] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at **3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[9] Fed. R. Civ. Pro. R. 54(b)

[10] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[11] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed. 2002)

[12] See, e.g., *Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[13] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[14] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[15]   Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

> (1)   the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
>
> (2)   the movant presents newly discovered or previously unavailable evidence;
>
> (3)   the motion is necessary in order to prevent manifest injustice; or
>
> (4)   the motion is justified by an intervening change in controlling law.[16]

A motion for reconsideration "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[17]   Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[18]   "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[19]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[20] and the motion must "clearly establish" that reconsideration is warranted.[21]   When there exists no independent reason for

---

[15]   *Id.* at 355-56.

[16]   *See, e.g.*, *Castrillo*, 2010 WL 1424398, at \*4 (citations omitted).

[17]   *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[18]   *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[19]   *Helena Labs Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[20]   *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (citation omitted).

[21]   *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[22]

In the pending motion, Plaintiff asserts that "[w]ithout my habeas being granted or my (TRO) will be re-heard and granted, I will continually be subjected to an unconstitutional restraint of liberty, cruel and unusual, unnecessary punishment."[23] According to Plaintiff, "[t]he question as to whether the state has legal, constitutional standing to employ such an unconstitutional restraint of liberty is still in front of this Honorable Court. Yet, Plaintiff Ernest Billizone Sr. is still suffering severe injustices at the hands of the state."[24] Plaintiff asserts that "a competent court of law should not allow a knowing exercise of cruel and unusual punishment, nor a verifiable unconstitutional restraint of one's liberty as described within the 4th Amendment to the United States Constitution, also equal protection of these laws as prescribed within the 14th Amendment."[25]

Aside from his general reference to the Fourth, Eighth, and Fourteenth Amendments, Plaintiff does not point to a "manifest error of law or fact upon which the judgment is based."[26] Furthermore, Plaintiff does not "present[] newly discovered or previously unavailable evidence."[27] Plaintiff does not show that the motion is "necessary in order to prevent manifest injustice."[28]

---

[22] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[23] Rec. Doc. 27.

[24] *Id.*

[25] *Id.* (emphasis in original).

[26] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[27] *See, e.g.*, *id.*

[28] *See, e.g.*, *id.*

Finally, Plaintiff does not demonstrate that "the motion is justified by an intervening change in

controlling law."

As the Court explained in its order denying Plaintiff's first Motion for a Temporary

Restraining Order, in this suit, Plaintiff appears to be contesting his release from the Jefferson Parish

Correctional Center "as if on parole" after earning good time toward a ten-year sentence.

Specifically, Plaintiff seems to challenge the conditions placed on his release as a

> restraint of liberty, false imprisonment, rescinding a contract, fraudulent concealment, denial
> of due process, coercion to sign contract under duress, denied equal protection of the law,
> violation of expo [sic.] facto laws, deviating from proper departmental procedures, failing
> to properly supervise employees, illegal and unconstitutional charging of fines and fees,
> deviation and intentional disregard of legislative intent, damages to resident, state created
> liberty interest, double jeopardy, exceeding statutory authority and constitutional authority,
> breach of contract, fraud.[29]

Based on a review of the complaint, appears that Plaintiff was released pursuant to Louisiana

Revised Statute § 15:571.5, which provides:

> A.     When a prisoner committed to the Department of Public Safety and Corrections is
>        released because of diminution of sentence pursuant to this Part, *he shall be released
>        as if released on parole*.
>
> B.     (1)     Before any prisoner is released on parole upon diminution of sentence, he
>                shall be issued a certificate of parole that enumerates the conditions of
>                parole. These conditions shall be explained to the prisoner and *the prisoner
>                shall agree in writing to such conditions prior to his release on parole*.
>
>        (2)     The person released because of diminution of sentence pursuant to
>                this Part *shall be supervised in the same manner and to the same
>                extent as if he were released on parole*. The supervision shall be for
>                the remainder of the original full term of sentence. If a person
>                released because of diminution of sentence pursuant to this Part
>                violates a condition imposed by the parole committee, the committee
>                shall proceed in the same manner as it would to revoke parole to

---

[29] Rec. Doc. 1, at p. 1.

determine if the release upon diminution of sentence should be revoked.[30]

As the Court has previously noted, Courts addressing this same situation have found that release pursuant to § 15:571.5 does not run afoul of the Constitution or federal law.[31] Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion by Letter" is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 20th day of May, 2014

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[30]  La. Rev. Stat. § 15:571.5 (emphasis added).

[31]  *See Sweeney v. La. Dept. of Corr.*, No. 09-0324, 2009 WL 1674644, at *2-3 (W.D. La. June 15, 2009) (finding that Plaintiff had not shown how La. Rev. Stat. § 15:571.5 violates the Constitution, laws or treaties of the United States); *Frederick v. Ieyoub*, 1999-0616 (La. App. 1 Cir. 5/12/00); 762 So. 2d 144, 148 (holding that La. Rev. Stat. § 15:571.5 is not unconstitutional on substantive due process grounds), writ denied 2000-1811 (La. 4/12/01); 789 So. 2d 581; *Bancroft v. Louisiana Dept. of Corrections*, 635 So, 2d 738, 740 (La. Ct. App. 1994) (holding that "[t]he granting of a conditional release to [Plaintiff] by the Department of Corrections under diminution of sentence was the exercise of a lawful act as provided for under La. R.S. 15:571.5, and therefore cannot constitute duress").