UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERNEST BILLIZONE**  **CIVIL ACTION**

**VERSUS**  **NO. 13-5928**

**LOUISIANA DEPARTMENT OF PROBATION AND**  **SECTION: "G"(4)**
**PAROLE et al**

### ORDER

Plaintiff Ernest Billizone ("Plaintiff") was formerly incarcerated at the Jefferson Parish Correctional Center, serving a ten-year sentence. In this § 1983 litigation, Plaintiff alleges that he was unconstitutionally released "as if on parole," rather than released outright, after serving his sentence and receiving "good time."

Before the Court is Defendants Louisiana Department of Public Safety and Corrections', James M. LeBlanc's, and Lisa Maise's (collectively, "Defendants") "Motion to Stay Case Pursuant to *Heck v. Humphrey*."[1] In the pending motion, Defendants aver that "[t]here is currently an active warrant for the arrest of plaintiff for violating the terms and conditions of his parole."[2] According to Defendants, "[w]hen the plaintiff is arrested (or, more ideally, turns himself in), he will be offered parole revocation proceedings. In those proceedings, the plaintiff can challenge the fact or duration of his parole supervision."[3] Defendants maintain that the outcome of the parole revocation proceedings will dictate whether Plaintiff's suit is barred pursuant to the Supreme Court's decision

---

[1] Rec. Doc. 14.

[2] *Id.* at p. 2.

[3] *Id.*

in *Heck v. Humphrey*.[4] Thus, Defendants request that the above-captioned matter be stayed pending completion of the parole revocation proceedings."[5]

On July 16, 2014, the Court ordered that Defendants provide an update on the status of Plaintiff's parole revocation proceedings.[6]

On July 23, 2014, Defendants filed a supplemental memorandum.[7] In their supplemental memorandum, Defendants explain that on June 25, 2014, Plaintiff signed a "Notice of Preliminary Hearing," in which he affirmed that "I do not want a Preliminary Hearing and plead guilty to all violations."[8] Also on June 25, 2014, Plaintiff signed a "Waiver of Final Parole Revocation Hearing," stating "I admit that I am in violation of my parole in the manner outlined by my parole officer in the Notice of Preliminary Hearing" and waiving his right to a final parole violation hearing.[9] On July 2, 2014, the Parole Board issued a letter, explaining that it would not revoke Plaintiff's parole but that it would add electronic monitoring as a condition of his parole.[10]

In their memorandum, Defendants additionally contend that "[t]he Parole Board's actions establish that *Heck v. Humphrey* bars this suit."[11] According to Defendants, "[i]n light of plaintiff's guilty plea to the most recent charges that he violated the terms of his parole and acceptance of the

---

[4]  512 U.S. 477 (1994).

[5]  Rec. Doc. 14-1 at p. 4.

[6]  Rec. Doc. 37.

[7]  Rec. Doc. 40.

[8]  *Id.* at pp. 1–2; *see also* Rec. Doc. 40-1, "Notice of Preliminary Hearing" at p. 2."

[9]  Rec. Doc. 40 at p. 2; *see also* Rec. Doc. 40-2 "Waiver of Final Parole Revocation Hearing," at p. 1.

[10]  Rec. Doc. 40 at p. 2; *see also* Rec. Doc. 40-3, Letter from Sheryl M. Ranatza, Parole Board Chairman, to Ernest Billizone, dated July 2, 2014.

[11]  Rec. Doc. 40 at p. 3.

new condition imposed upon him by the Parole Board, it is clear that all of plaintiff's claims are barred. His exclusive remedy is *habeas* to get the relief he seeks as a purported § 1983 claim for injunctive relief."[12] Defendants aver that "[s]ince plaintiff's status as a parolee has been confirmed by the Parole Board (and by plaintiff himself) and in light of the cases discussed herein and in defendants' original motion, this case should be *dismissed* rather than stayed."[13]

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[14] In their "Motion to Stay Case Pursuant to *Heck v. Humphrey*,"[15] Defendants argued that the Court would not be able to determine whether *Heck v. Humphrey* applies to the above-captioned matter until the parole revocation proceedings were completed. Now that the proceedings have been completed, Defendants argue that *Heck v. Humphrey* applies and bars Plaintiff's claim. Thus, Defendants request dismissal.

Defendants' request for dismissal is a new request for relief that goes beyond the scope of their original motion to stay. It is not appropriate for Defendants' to urge this request in a

---

[12] *Id.* at p. 4.

[13] *Id.* (emphasis in original).

[14]

[15] Rec. Doc. 14.

supplemental memorandum. Rather, Defendants must file a new motion to which Plaintiff will have an opportunity to respond.

Considering that Plaintiff's parole revocation proceedings have concluded,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Stay Case Pursuant to *Heck v. Humphrey*"[16] is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA**, this  24th day of July, 2014

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**

---

[16] Rec. Doc. 14.